**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CYNTHIA SPEAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 6:26-cv-______** |
| | § | |
| **FLOWERS BAKING CO. OF TYLER, LLC** | § | |
| **and FLOWERS BAKERIES, LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

## I. NATURE OF THE ACTION

1. Plaintiff Cynthia Speas worked for Flowers Baking Co. of Tyler, LLC and Flowers Bakeries, LLC (together, "Flowers" or "Defendants") for thirty-one years, the last seven of them as a Human Resources Business Partner responsible for the very civil-rights and disability laws Flowers violated in terminating her.

2. In December 2024, Plaintiff asked Flowers for a reasonable accommodation for her chronic back pain — an office she could reach without climbing stairs. Nine months later, one week after she returned from a scheduled vacation, Flowers fired her.

3. That sequence is not a coincidence.

4. Plaintiff brings this action against Defendants for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and for parallel violations of Chapter 21 of the Texas Labor Code.

## II.
## PARTIES

5. Plaintiff Cynthia Speas is an individual residing in Tyler, Smith County, Texas.

6. Defendant Flowers Baking Co. of Tyler, LLC is a Georgia limited liability company doing business at 1200 W. Erwin Street, Tyler, Texas 75702. On information and belief, Flowers Baking Co. of Tyler, LLC is not registered to transact business in Texas. Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

7. Defendant Flowers Bakeries, LLC is a Georgia limited liability company doing business in Texas. Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

8. Flowers Baking Co. of Tyler, LLC and Flowers Bakeries, LLC share the same principal office address and the same registered agent, Corporation Service Company, on file with the Georgia Secretary of State. Flowers Baking Co. of Tyler, LLC and Flowers Bakeries, LLC operate under common ownership as affiliated subsidiaries of Flowers Foods, Inc., share centralized human resources policies and personnel practices, and jointly directed and controlled the terms and conditions of Plaintiff's employment. Each is Plaintiff's employer, and each is jointly and severally liable for the conduct described below, within the meaning of the ADA, the ADEA, and Chapter 21 of the Texas Labor Code.

9. During the relevant period, Defendants employed more than 220 employees at the Tyler bakery and are employers within the meaning of the ADA, 42 U.S.C. § 12111(5)(A), the ADEA, 29 U.S.C. § 630(b), and Chapter 21 of the Texas Labor Code, Tex. Lab. Code § 21.002(8).

## III.
## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 over Plaintiff's ADA and ADEA claims, and supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's Texas Labor Code claims because they arise from the same case or controversy.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred at Flowers' bakery in Smith County, Texas, within the Tyler Division of this district.

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On or about October 22, 2025, Plaintiff timely filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission, dual-filed with the Texas Workforce Commission Civil Rights Division, Charge No. 450-2026-01325, alleging disability discrimination, retaliation, and age discrimination.

13. More than one hundred eighty (180) days have passed since Plaintiff filed the Charge.

14. On June 30, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

15. Plaintiff files this Complaint within ninety (90) days of receipt of that Notice.

16. More than one hundred eighty (180) days have also passed since the Charge was dual-filed with the Texas Workforce Commission Civil Rights Division, satisfying the exhaustion requirement of Section 21.208 of the Texas Labor Code.

17. Flowers Bakeries, LLC was not separately named in the Charge. Flowers Bakeries, LLC and Flowers Baking Co. of Tyler, LLC share common ownership, management, and personnel policies, and Flowers Bakeries, LLC had notice of the Charge and a shared opportunity to participate in conciliation through its affiliate. Plaintiff has exhausted her administrative remedies as to both Defendants.

18. All conditions precedent to this suit have been performed or have occurred.

## V.
## FACTUAL BACKGROUND

### *A. Plaintiff's thirty-one years with Flowers.*

19. On June 6, 1994, Flowers hired Plaintiff as a receptionist at its Tyler bakery. Flowers' Plant President, Steve Green, later told Plaintiff she was the best receptionist in the entire company.

20. Plaintiff transferred into Human Resources, earned her bachelor's degree in 2013, and was promoted to Assistant Director of Human Resources that same year.

21. On January 1, 2018, Flowers promoted Plaintiff to Human Resources Business Partner ("HRBP"). Plaintiff reported to Timothy Kelly, the Regional HRBP over Texas and part of Louisiana, and Plaintiff's team received Flowers' Compliance Champion award three years in a row.

22. In more than three decades with Flowers, Plaintiff received a single disciplinary write-up — as a receptionist, more than two decades before her termination.

### *B. Flowers reorganizes regional HR and passes over Plaintiff.*

23. In 2024, Flowers reorganized its regional HR structure, splitting sales from supply chain and adding another layer of HR management. Plaintiff applied for the resulting regional HRBP position under Sarah Vidales, Flowers' HR Director. Flowers instead promoted Christina "Christy" Felps, an HRBP from San Antonio, and made Felps Plaintiff's direct supervisor.

24. On multiple occasions after Felps became her supervisor, Vidales and Felps called Plaintiff out on group Teams calls with other HRBPs, humiliating Plaintiff in front of her peers.

### *C. Flowers decides to move the Tyler HR office upstairs — into a building with no elevator.*

25. In or around October 2024, Vidales and Felps visited the Tyler bakery and decided to relocate the HR department from its ground-floor building into a second-floor office in the main bakery building.

26. While the three of them stood in the plant, Vidales patted Plaintiff on the back and said, “you know what that means” — referring to the planned move.

27. Shortly afterward, Plaintiff received an email from Felps confirming that the HR offices were being relocated.

28. Plaintiff told Vidales and Felps that HR had remained in its ground-floor building specifically to comply with the Americans with Disabilities Act. The building to which Flowers planned to relocate HR has no elevator and no wheelchair access.

***D. Plaintiff requests an accommodation for her chronic back pain.***

29. On or about December 5, 2024, Plaintiff submitted a written request for a reasonable accommodation. The request explained that a permanent impairing condition causing chronic back pain, which began July 16, 2024, made climbing stairs painful, and asked that Plaintiff not be required to work from an office accessible only by stairs.

30. Plaintiff's chronic back pain substantially limits one or more of her major life activities, including walking, standing, bending, and climbing.

31. Felps and Vidales knew of Plaintiff's disability and her need for accommodation no later than December 5, 2024.

***E. Flowers' accommodation stalls. The deadline to move upstairs does not.***

32. Flowers did not deny Plaintiff's request outright. Instead, it told Plaintiff that she would move into an office being built for her in the production plant, in space belonging to another employee, Frank Villarreal, once that office was completed.

33. That office was never completed during Plaintiff's employment. Plaintiff never received an accommodation.

34. Flowers did not relocate the rest of the HR department upstairs until after it terminated Plaintiff's employment.

35. Nine months of stalling is not a reasonable accommodation.

***F. September 17, 2025: Flowers fires Plaintiff without warning, after thirty-one years.***

36. In the months before her termination, Plaintiff continued performing her HRBP duties, including administering Flowers' badge system for both Flowers and its onsite contractor, Aramark.

37. Before leaving for a scheduled vacation in late August 2025, Plaintiff arranged for an Aramark employee to finish a routine badge-printing task on the office's dedicated badge-creation computer. Plaintiff did not give her personal login credentials to any Aramark employee.

38. Plaintiff also arranged for her HR Generalist, Faye Pettigrew, to carry the office's business cell phone to answer employee calls while Plaintiff and Pettigrew were both out of the office — an arrangement Plaintiff's former plant manager, Bobby Massanelli, had long known about, and which Plaintiff communicated in writing to her current plant manager, Paul Peek.

39. On September 17, 2025 — the day Plaintiff returned to work from vacation — Paul Peek, Christy Felps, and Harley Charlo were waiting for her outside the HR building.

40. Felps terminated Plaintiff's employment in a conference room minutes later, citing "insubordination." Felps identified two grounds: the Aramark employee's assistance with badge printing, and Pettigrew's temporary possession of the business phone.

41. Plaintiff tried to explain that the badge computer was dedicated to that single task and that she had been unreachable in the middle of the ocean on a cruise. Felps refused to consider it.

42. Flowers presented Plaintiff no write-up to sign, and no warning preceded her termination — after thirty-one years.

43. Flowers demanded Plaintiff's keys and phone before she left the building.

44. Plaintiff is one of four HRBPs who formerly reported to Timothy Kelly and are no longer employed by Flowers.

***G. The stated reason does not hold up.***

45. Flowers' new badge-creation policy, communicated by Plant Manager Paul Peek less than five months before Plaintiff's termination, restricted badge creation to the Flowers HRBP and HR Generalist — the very roles Plaintiff and Pettigrew held.

46. Flowers knew, and had long tolerated, HR staff delegating routine badge and phone coverage during vacations. No employee had previously been disciplined, let alone terminated, for that practice.

47. Flowers manufactured a reason to fire Plaintiff nine months after she asked for a ramp instead of a set of stairs.

## VI. CAUSES OF ACTION

***COUNT I — Disability Discrimination and Failure to Accommodate (ADA)***

48. Plaintiff incorporates paragraphs 1 through 47 by reference.

49. Plaintiff is a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102, and could perform the essential functions of her HRBP position with a reasonable accommodation.

50. Flowers knew of Plaintiff's disability and her request for a reasonable accommodation no later than December 5, 2024, and failed to provide one, in violation of 42 U.S.C. § 12112(b)(5)(A).

51. Flowers terminated Plaintiff's employment because of her disability, in violation of 42 U.S.C. § 12112(a). Flowers' stated reason for terminating Plaintiff is pretext for disability discrimination.

***COUNT II — Retaliation (ADA)***

52. Plaintiff incorporates paragraphs 1 through 47 by reference.

53. Plaintiff engaged in activity protected by the ADA when she requested a reasonable accommodation for her chronic back pain and when she told Flowers that its planned office relocation would violate the ADA.

54. Flowers terminated Plaintiff's employment because of that protected activity, in violation of 42 U.S.C. § 12203(a).

***COUNT III — Age Discrimination (ADEA)***

55. Plaintiff incorporates paragraphs 1 through 47 by reference.

56. At the time of her termination, Plaintiff was fifty-seven years old and a member of the class protected by the ADEA. 29 U.S.C. § 631(a).

57. Flowers terminated Plaintiff — a thirty-one-year employee with a single disciplinary notation in her entire career — for conduct it had long tolerated from HR staff of every age, while eliminating three other HRBPs who, like Plaintiff, had reported to Timothy Kelly before Flowers' 2024 reorganization.

58. Plaintiff's age was a motivating factor in Flowers' decision to terminate her employment, in violation of 29 U.S.C. § 623(a)(1).

***COUNT IV — Disability Discrimination, Failure to Accommodate, and Retaliation (Texas Labor Code Chapter 21)***

59. Plaintiff incorporates paragraphs 1 through 47 by reference.

60. Defendants' conduct described above also constitutes disability discrimination, failure to accommodate, and retaliation in violation of Sections 21.051, 21.055, and 21.128 of the Texas Labor Code.

***COUNT V — Age Discrimination (Texas Labor Code Chapter 21)***

61. Plaintiff incorporates paragraphs 1 through 47 by reference.

62. Defendants' conduct described above also constitutes age discrimination in violation of Section 21.051 of the Texas Labor Code.

## VII.
## DAMAGES

63. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages and benefits, past and future, mental anguish, and loss of enjoyment of life.

64. Plaintiff is entitled to compensatory and punitive damages under 42 U.S.C. § 1981a, subject to the statutory cap applicable to Defendants' size.

65. Plaintiff is entitled to liquidated damages under the ADEA, 29 U.S.C. § 626(b), for Defendants' willful violation.

66. Plaintiff is entitled to reasonable attorney's fees and costs under 42 U.S.C. § 12205, 29 U.S.C. § 626(b), and Section 21.259 of the Texas Labor Code.

## VIII.
## JURY DEMAND

67. Plaintiff demands a trial by jury on all issues so triable.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial Plaintiff be granted the following relief:

(a) Reinstatement to her former position, or front pay in lieu of reinstatement;

(b) Back pay and lost benefits, past and future;

(c) Compensatory damages for mental anguish and loss of enjoyment of life;

(d) Punitive damages;

(e) Liquidated damages under the ADEA;

(f) Reasonable attorney's fees and costs of court;

(g) Pre-judgment and post-judgment interest as allowed by law; and

(h) Such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Telephone/Facsimile

**ATTORNEY FOR PLAINTIFF**